IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JENNIFER SCHROF,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 1:22-cv-1533-CDA |
| **CLEAN EARTH, INC.,** | * | |
| Defendant. | * | |

\* \* \*

**OPINION AND ORDER**

Plaintiff and Defendant moved to seal their respective memoranda and certain exhibits (ECFs 102, 107, 110) in connection with Defendant's pending Motion for Summary Judgment (ECF 97). For the reasons stated below and in the February 19, 2025 hearing on the pending motions to seal and Defendant's Motion for Summary Judgment, the Court DENIES WITHOUT PREJUDICE the parties' motions to seal.[1]

The Court entered a Stipulated Discovery Confidentiality Order ("Confidentiality Order"), which governs confidential information exchanged in discovery in this action. ECF 55. Among other things, it directs the parties to file any materials subject to the Confidentiality Order with an interim sealing motion. *Id.* at 4. Regardless of the merits of the confidentiality designations in the course of discovery, the Court must consider the propriety of sealing summary judgment filings separately because of the public's right of access to court filings. As the Fourth Circuit has observed, "discovery, which is ordinarily conducted in private, stands on a wholly different footing than does a motion filed by a party seeking action by the court." *Rushford v. New Yorker Mag.,*

---

[1] The Court will resolve Defendant's Motion for Summary Judgment in a separate memorandum opinion.

*Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (holding that documents filed in support of summary judgment would be unsealed despite having been produced pursuant to a protective order in discovery). Accordingly, "the district court must address the question [of sealing] at the time it grants a summary judgment motion and not merely allow continued effect to a pretrial discovery protective order." *Id.* at 253.

The public's right of access to the courts and court records "springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny." *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014). "[T]he strength of the right of access varies depending on whether the public's right of access to the document or proceeding derives from the common law or the First Amendment." *United States v. Doe*, 962 F.3d 139, 145 (4th Cir. 2020). Under the common law, the "presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford*, 846 F.2d at 253. "Under the First Amendment, on the other hand, the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Id.* Thus, the "public's right to access documents under the First Amendment is narrower in scope but stronger in force." *Doe*, 962 F.3d at 145.

The Fourth Circuit has "squarely held that the First Amendment right of access attaches to materials filed in connection with a summary judgment motion." *Pub. Citizen*, 749 F.3d at 267; *see also Springs v. Ally Fin. Inc.*, 684 F. App'x 336, 338 (4th Cir. 2017). This is because "summary judgment adjudicates substantive rights and serves as a substitute for a trial[.]" *Rushford*, 846 F.2d at 252. Accordingly, "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). Importantly, "the First Amendment right of access to summary

2

judgment materials does not depend on . . . judicial reliance on the documents in resolving the motion[,]" but rather "once the documents are '*filed* in connection with a summary judgment motion in a civil case,' the 'more rigorous First Amendment standard' must be satisfied before the public can be denied access." *United States ex rel. Oberg v. Nelnet, Inc.*, 105 F.4th 161, 172 (4th Cir. 2024) (quoting *Rushford*, 846 F.2d at 252-253). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

Limiting public access to summary judgment filings requires the Court to articulate specific findings that sealing is essential to preserve higher values, sealing is narrowly tailored to serve that interest, and less restrictive alternatives to sealing are inadequate. *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986); *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Additionally, Local Rule 105.11 (D. Md. 2023), requires the party seeking sealing to include "(a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Before sealing, the Court must also provide notice to the public and an opportunity to object, which can be accomplished by docketing the motion to seal in advance of deciding the issue. *In re Knight Pub. Co.*, 743 F.2d at 235. Here, because the parties filed their motions to seal more than six months ago, there has been ample time to lodge an objection. *E.g.*, *VCA Cenvet, Inc. v. Chadwell Animal Hosp., LLC*, No. JKB-11-1763, 2013 WL 1818681, at *2 (D. Md. Apr. 29, 2013) (finding that "more than two months" satisfied the public notice procedural requirement); *see also* Local Rule 105.11 (providing that the "Court will not rule upon the motion until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties").

I.      **Defendant's Motions to Seal (ECFs 102, 110)**

The Court begins with Defendant's Motions to Seal related to its Motion for Summary Judgment and corresponding Reply.  *See* ECFs 102, 110.  As to Defendant's Motion to Seal the memorandum of law in support of its Motion for Summary Judgment and its Exhibits B, L, M, O, and P, Defendant argues that these five exhibits and memorandum of law contain trade secrets such as commission and compensation information and confidential proprietary information. Def.'s Mot. to Seal Mem. in Supp. of Mot. for Summ. J. and Exs. B, L, M, O, and P ("Def.'s Mot. to Seal MSJ"), ECF 102-1, at 2-5.  Defendant advances a similar argument in support of its Motion to Seal Defendant's Reply in support of its Motion for Summary Judgment and its Exhibits T, U, W, X, and Y: that these documents "contain detailed information about customers, accounts, and commissions or other confidential information."  Def.'s Mot. to Seal Reply in Supp. of Mot. for Summ. J. and Exs. T, U, W, X, and Y ("Def.'s Mot. to Seal Reply"), ECF 110-1, at 2-5.  In both motions, Defendant asserts that "redaction would not appropriately protect the trade secrets without destroying their utility."  Def.'s Mot. to Seal MSJ, at 6; Def.'s Mot. to Seal Reply, at 6.

As a general matter, "[a] corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records."  *Pub. Citizen*, 749 F.3d at 269.  Courts have long considered "business information that might harm a litigant's competitive standing" as an exception to the presumption of public access.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (internal citation omitted).  Some scrutiny of this information is necessary, however.  "Under the First Amendment standard, courts in this district have normally required asserted 'business information' to be a 'trade secret' in order to demonstrate the requisite compelling interest in confidentiality."  *In re Smith & Nephew Birmingham Hip Resurfacing (BHR) HIP Implant Prods. Liab. Litig.*, No. 1:17-

MD-2775, 2024 WL 1050925, at *5 (D. Md. Mar. 11, 2024) (citing *Dorsey v. TGT Consulting, LLC*, 888 F. Supp. 2d 670, 690 (D. Md. 2012)). "While trade secrets enjoy a 'broad definition,' they must still be a 'formula, pattern, device or compilation of information which is used in one's business, and which gives [the owner] an opportunity to obtain an advantage over competitors . . . .'" *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 122 (D. Md. 2009) (quoting 3 Jack B. Weinstein, *Weinstein's Federal Evidence* § 508.04 (2d ed. 2009)) (alterations in original).

Even if the Court concludes that Defendant's summary judgment filings contain trade secrets (such as information related to Clean Earth's compensation and commission structure), Defendant fails to meet its burden. It does not provide specific factual representations explaining why alternatives to sealing—such as redactions of the proprietary business information—would not provide sufficient protection with respect to the supporting memoranda of law for Defendant's summary judgment motion; Defendant's Reply; Defendant's summary judgment Exhibits B, L, M, O, and P; and Defendant's Reply Exhibits T, U, W, X, and Y. *See* Local Rule 105.11. "Before a district court seals any court document, it 'must consider alternatives to sealing . . . which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the . . . motion to seal.'" *Simpson v. Techonology Serv. Corp.*, No. DKC 14-1968, 2015 WL 6447253, at *4 (D. Md. Oct. 22, 2015) (quoting *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005)). Notwithstanding that Defendant's arguments lack the requisite explanations, the Court views redactions as a reasonable alternative. The claims at issue in this case concern alleged employment discrimination and retaliation. While the details of, for example, compensation and commission structure, are relevant to the parties' positions, the Court does not view the filings as so permeated by such minutiae that

redactions cannot balance the litigants' and public's interests at stake. The bulk of the parties' arguments concern, *inter alia*, whether Plaintiff met sales goals and was entitled to her full anticipated commission; how Defendant set a certain sales figure and calculated commissions form but a small part of Defendant's memorandum. Accordingly, the Court is not persuaded that the entire supporting memoranda of law for Defendant's summary judgment motion and Defendant's Reply, let alone Defendant's Exhibits B, L, M, O, P, T, U, W, X, and Y, must remain fully under seal.

Moreover, Defendant asserts that several of its exhibits had been designated as "Confidential" (Def.'s Exs. B, M, T, and U) and as "Attorneys Eyes Only" (Def.'s Exs. O, W, X, and Y) under the Confidentiality Order, which requires the parties to file any such material under seal. Def.'s Mot. to Seal MSJ, at 5-6; Def.'s Mot. to Seal Reply, at 5-6; *see* ECF 55, at 4. Defendant further argues that Exhibit L quotes Exhibits M and O, which as noted, are designated as "Confidential" and that Exhibit P (Clean Earth's Second Supplemental Answers to Plaintiff's Interrogatories) should be designated as "Confidential" under the Confidentiality Order. Def.'s Mot. to Seal MSJ, at 5-6; *see* ECF 55, at 4-5.

As to Defendant's assertion that Exhibits B, L, M, O, P, T, U, W, X, and Y are designated "Confidential" or "Attorney's Eyes Only" pursuant to the Confidentiality Order, and therefore, sealing these documents would be consistent with the Confidentiality Order, Defendant has made no attempt to redact portions of these exhibits as opposed to sealing the documents in their entirety. As such, the Court is similarly not persuaded that these entire exhibits must be sealed based on the existence of the Confidentiality Order. *See G. W. Aru, LLC v. W. R. Grace & Co.-Conn.*, No. JKB-22-2636, 2023 WL 3549829, at *1 (D. Md. May 18, 2023) (denying motion to seal without prejudice where plaintiffs sought to "seal the entirety of several documents due to the existence of

a confidentiality order[,]" finding this request "overbroad" because plaintiffs did "not explain why an alternative, such as redacting portions of the documents, does not provide sufficient protection."); *see also Piotrowski v. Wells Fargo Bank, N.A.*, No. DKC 11-3758, 2015 WL 13612172, at *1 (D. Md. Mar. 19, 2015) (denying motion to seal without prejudice where the parties' motion contained "only boilerplate recitations" related to the court's granting of a Stipulated Order Regarding Confidentiality of Discovery Material, finding that "[t]he parties ha[d] made no attempt to redact portions of the filings as opposed to sealing the documents in their entirety.").

As the undersigned noted in the February 19, 2025 hearing, the Court does not intend to discuss in detail the commissions of Clean Earth's employees, the compensation structure of Clean Earth, or the like; instead, the Court intends to refer to these matters generally in public proceedings and filings. The Court views Defendant's documents as falling within three categories: (1) documents that may need minimal redactions; (2) documents that may warrant substantial redactions; and (3) "mixed-bag" documents that have both a fair amount of information that may need to be redacted and a fair amount of information that may not need to be redacted.

1. <u>Documents that may need minimal redactions.</u>

As to Defendant's memorandum of law in support of its Motion for Summary Judgment and Defendant's Reply, these documents reference information about Clean Earth's compensation and commission structure. *See* ECFs 101, 109. However, most of the information in these memoranda discuss legal arguments and non-confidential facts. As to Exhibit B, Plaintiff's 2019 evaluation, it contains information regarding budgeted revenue goals, including dollar figure amounts, and names of several clients of Clean Earth. *See* ECF 101-1, Def.'s Ex. B (Plaintiff's 2019 Performance Evaluation). However, much of the 2019 evaluation contains non-confidential

information related to Plaintiff's performance generally. The Court sees little, if any, reason these documents require more than a relative handful of redactions.

2. <u>Documents that may warrant substantial redactions.</u>

Exhibit M, Clean Earth's Incentive Sales Plan, discusses the calculation and payment of commissions to Outside Sales Representatives ("OSRs"). *See* ECF 101-3, Def.'s Ex. M (Clean Earth's Incentive Sales Plan). Exhibit O, Plaintiff's 2020 commission summary, shows the computation and payment of Plaintiff's commissions throughout 2020. *See* ECF 101-4, Def.'s Ex. O (Clean Earth's 2020 Commission Summary for Plaintiff). Exhibit P, Clean Earth's Second Supplemental Answers to Plaintiff's Interrogatories, describes the base salary and budgeted revenue goal for fourteen current and former sales representatives—non-parties, save for Plaintiff—between 2018 and 2021. *See* ECF 101-5, Def.'s Ex. P (Def. Second Suppl. Answer to Interrog. No. 3). Exhibit W, excerpts of Plaintiff's 2020 commission summary, shows the computation and payment of Plaintiff's commissions throughout 2020, including names of Clean Earth clients. *See* ECF 109-3, Def.'s Ex. W (Excerpts of Plaintiff's 2020 commission summary). Exhibit X, Plaintiff's 2021 commission summary, details the computation and payment of Plaintiff's commissions throughout 2021, including names of Clean Earth clients. *See* ECF 109-4, Def.'s Ex. X (Plaintiff's 2021 commission summary). Based on the general nature of this information and the earlier decisions of this Court regarding customer and proprietary information, the Court views these documents as more likely to receive a larger number of redactions than the first category.

3. <u>"Mixed-bag" Documents</u>

This last category falls in between the first two; Defendant may justify redactions to some of the documents' contents. As to Exhibit L, the Affidavit of Mr. Matthew Tulio, a Financial

Analyst at Clean Earth, portions of the affidavit attest to Plaintiff's 2020 commission summary, Plaintiff's 2021 commissions, and the Incentive Sales Plan. *See* ECF 101-2, Def.'s Ex. L ("Tulio Aff."). However, several other aspects of the affidavit appear to contain Mr. Tulio's opinions. Defendant's summary judgment arguments rely in substantial part on some of these opinions and assertions. To seal them would deny public access to many facts upon which Defendant rely in this procedural vehicle that substitutes for a public trial.

Other exhibits are similar in their "hybrid" contents. Exhibit T, an email exchange between an Internal Sales Representative ("ISR") and a member of Clean Earth management, contains information as to the process of assigning accounts to OSRs and names of Clean Earth clients. *See* ECF 109-1, Def.'s Ex. T (ISR and Clean Earth Management Email Exchange). However, other portions of the email reference non-confidential facts that may be relevant to the parties' positions. Likewise, Exhibit U, an email exchange between Plaintiff and several members of Clean Earth management, contains information as to the process of assigning accounts to OSRs and names of Clean Earth clients, yet also references non-confidential facts. *See* ECF 109-2, Def.'s Ex. U (Plaintiff and Clean Earth Management Email Exchange). The same is true of Exhibit Y, Plaintiff's handwritten notes related to meetings with Clean Earth management. Portions of these notes contain information as to names of Clean Earth clients and Plaintiff's commissions; other portions appear to generally discuss Plaintiff's complaints about her working environment and Clean Earth management. *See* ECF 109-5, Def.'s Ex. Y (Plaintiff's Handwritten Notes). In general, these documents may warrant more redactions than the first category yet not as many as the second.

Because the supporting memoranda of law for Defendant's summary judgment motion; Defendant's Reply; Defendant's summary judgment Exhibits B, L, M, O, and P; and Defendant's

Reply Exhibits T, U, W, X, and Y contain varying amounts of potentially confidential business information and non-confidential information, the Court is not persuaded that these documents should be sealed in their entirety. *See United States v. Neuberger*, No. EA-22-2977, 2024 WL 3964886, at *4 (D. Md. Aug. 27, 2024) ("[T]he Court [previously] notified the parties that it was not persuaded that the summary judgment motions and related exhibits should be sealed in their entirety and directed the parties to identify any filing or portion thereof that they wish to (1) withdraw or (2) redact[.]") (internal quotation marks omitted). Accordingly, Defendant's Motion to Seal the memorandum of law in support of its Motion for Summary Judgment and Exhibits B, L, M, O, and P, and Defendant's Motion to Seal Defendant's Reply in support of its Motion for Summary Judgment and Exhibits T, U, W, X, and Y is denied without prejudice to renew.

## II.   Plaintiff's Motion to Seal (ECF 107)

Next, Plaintiff moved to seal the entirety of her opposition to Defendant's Motion for Summary Judgment and all the exhibits "in order to ensure that she does not violate the terms of the Stipulated Confidentiality Order[.]" Pl.'s Mot. to Seal Mem. in Opp'n to Def.'s Mot. for Summ. J. and All Exs. ("Pl.'s Mot. to Seal MSJ Opp'n"), ECF 107, at 1-2. Plaintiff fails to articulate why less restrictive alternatives, such as redactions, are insufficient. *See* Local Rule 105.11. Additionally, Plaintiff fails to explain why each of the exhibits filed with her opposition to Defendant's Motion for Summary Judgment, let alone her entire memorandum of law, warrants filing under seal.

At the outset, Plaintiff's reliance only on a discovery protective order—and the absence of any attempt to choose certain documents or redact portions of the filings in lieu of wholesale sealing—falls short of the mark. *See Visual Min., Inc. v. Ziegler*, No. PWG 12-3227, 2014 WL 690905, at *5 (D. Md. Feb. 21, 2014) (denying motion to seal when the only justification was that

the documents are "confidential" under a court-approved Protective Order); *Under Armour, Inc. v. Body Armor Nutrition, LLC*, No. JKB-12-1283, 2013 WL 5375444, at *9 (D. Md. Aug. 23, 2013) (denying motions to seal where "[t]he parties . . . provided only the barest support for the motions to seal, usually relying on the protective order issued in th[e] case" and failed to "provide 'specific factual representations' to justify their arguments"); *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 576 n.18 (D. Md. 2012) ("In their motion to seal, Plaintiffs state only that they seek to seal the exhibits pursuant to the confidentiality order, an explanation insufficient to satisfy the 'specific factual representations' that Local Rule 105.11 requires.").

Furthermore, the Court's impressions regarding the Defendant's memoranda and exhibits extend to Plaintiff's filings. That is, while some documents may contain sensitive information of Defendant's business or of the personal, sensitive information of non-parties, the contents of most, if not all, documents appear ripe for redaction rather than sealing. As such, Plaintiff's Motion to Seal the entirety of her opposition to Defendant's Motion for Summary Judgment and all the exhibits is denied without prejudice to renew.

\*     \*     \*

For the reasons above and stated in open court on February 19, 2025, the motions to seal (ECFs 102, 107, 110) are denied without prejudice. The parties may renew their requests within fourteen (14) days and submit proposed redactions with justifications for such redactions consistent with the law outlined above or explain why alternatives to sealing a document are inappropriate. Such justifications should be made on a document-by-document basis. The parties should also meet and confer and, to the extent possible, agree on the appropriate proposed redactions to, or sealing of, the parties' respective memoranda and exhibits in connection with Defendant's pending motion for summary judgment.

Accordingly, it is this 31st day of March 2025, ORDERED that:

1. Defendant's Motion to Seal the memorandum of law in support of the Motion for Summary Judgment and Exhibits B, L, M, O, and P (ECF 102) is DENIED WITHOUT PREJUDICE to renew within 14 days;

2. Plaintiff's Motion to Seal her Memorandum in Opposition to Defendant's Motion for Summary Judgment and all of the exhibits (ECF 107) is DENIED WITHOUT PREJUDICE to renew within 14 days;

3. Defendant's Motion to Seal Defendant's Reply in support of its Motion for Summary Judgment and Exhibits T, U, W, X, and Y (ECF 110) is DENIED WITHOUT PREJUDICE to renew within 14 days; and

4. Before filing any renewed motions, the parties SHALL MEET AND CONFER regarding the appropriate redactions to, or sealing of, the parties' respective memoranda and exhibits in connection with Defendant's motion for summary judgment.

Date: March 31, 2025                                /s/
                                          Charles D. Austin
                                          United States Magistrate Judge