IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JENNIFER SCHROF,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 1:22-1533-CDA |
| **CLEAN EARTH, INC.,** | * | |
| Defendant. | * | |
| | * * * | |

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Jennifer Schrof's ("Plaintiff's") Motion for Reconsideration (ECF 121). The Motion is ripe for disposition, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons stated below, the Court DENIES the Motion for Reconsideration.

**I.   BACKGROUND**

The factual and procedural background of this case appears in detail in the Court's March 31, 2025 Memorandum Opinion. *See* ECF 116 (the "Court's Memorandum Opinion"). Relevant here, Plaintiff departed her approximately 15-year employment at Defendant Clean Earth ("Clean Earth" or "Defendant"), alleging Clean Earth subjected her to intolerable conditions and constructively discharged her. *Id*. at 1, 14.

Plaintiff commenced this civil suit on June 22, 2022, asserting four causes of action against Defendant based on alleged violations of federal and state anti-discrimination laws. ECF 1. On September 22, 2022, Plaintiff filed an Amended Complaint, bringing four counts: (1) sex discrimination in violation of the Maryland Fair Employment Practice Act ("MFEPA"), Md. Code Ann., State Gov't § 20-606; (2) wage discrimination in

1

violation of the Maryland Equal Pay for Equal Work Act ("MEPA"), Md. Code Ann., Lab. & Empl. § 3-301; (3) retaliation in violation of the MFEPA, § 20-606(f); and (4) constructive discharge in violation of the MFEPA, § 20-606(a)(1)(i). ECF 29, at 7-10.

On June 1, 2023, Judge Beth P. Gesner granted in part the Defendant's Motion to Dismiss and dismissed the constructive discharge claim (Count IV), because that is not a standalone cause of action, and denied the motion as to Counts I through III. ECFs 41, 42. On March 31, 2025, the undersigned granted in part and denied in part Defendant's Motion for Summary Judgment. ECFs 116, 117. The Court granted Defendant's Motion as to Count I, sex discrimination, and Count II, wage discrimination. *Id.* The Court denied the Motion as to Count III, thus leaving Plaintiff's retaliation claim (Count III) as the sole remaining basis for relief. *Id.*

On April 11, 2025, Plaintiff filed her Motion to Reconsider the Court's rulings on summary judgment. ECF 121, 122, Plaintiff's Motion to Reconsider ("Pl.'s Mot. Recon."). Defendant filed an Opposition on April 24, 2025, and Plaintiff filed her reply on May 8, 2025. *See* ECF 129, Defendant's Opposition to Plaintiff's Motion to Reconsider ("Def.'s Opp'n"), ECF 130, Plaintiff's Reply. The briefing now being complete and timely filed, the Motion to Reconsider is ripe for resolution. ECF 121.

II.   **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure provide three routes by which a party may seek reconsideration of a court order: Rules 54(b), 59(e), and 60(b). Rule 54(b) governs motions to reconsider interlocutory orders. *See Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1469-70 (4th Cir. 1991). Rules 59(e) and 60(b) govern motions to reconsider final judgments. *Id.* Rule 59(e) controls when a party files a motion to alter or amend within twenty-eight days of the final judgment. *Bolden v. McCabe, Weisberg*

*& Conway, LLC*, No. DKC-13-1265, 2014 WL 994066, at *1 n.1 (D. Md. Mar. 13, 2014). If a party files the motion later, Rule 60(b) controls. *Id.* Here, Plaintiff moved for reconsideration of the Court's Memorandum Opinion granting in part and denying in part Defendant's Motion for Summary Judgment. Accordingly, although Plaintiff cites only Rule 59(e) in her Motion, *see* Pl.'s Mot. Recon., at 2-3, Rule 54(b) applies here.

Rule 54(b) provides that "any order or other decision, however designated, that adjudicat[ed] fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicat[ed] all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). The Fourth Circuit has not articulated a standard of review for a Rule 54(b) motion. *See In re Marriott Int'l, Inc.*, No. PWG-19-2879, 2021 WL 1516028, at *2 (D. Md. Apr. 16, 2021). Although the Fourth Circuit has explained that "the restrictive standards of Rule 59(e) and Rule 60(b) motions for reconsideration are not binding for Rule 54(b) motions," courts often turn to those standards for guidance. *Id.* (citing *Fayetteville Invs.*, 936 F.2d at 1472); *see e.g.*, *Carrero v. Farrelly*, 310 F. Supp. 3d 581, 583-84 (D. Md. 2018) (looking to Rule 59(e) and Rule 60(b) standards); *Wade v. Corr. Ofc. Christopher Cavins*, No. PWG-17-3693, 2019 WL 2410969, at *1-2 (D. Md. June 7, 2019) (same).

A motion for reconsideration under Rule 59(e) "is discretionary" and therefore "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010). Rule 60(b), on the other hand, may offer relief if a party shows:

(1) mistake, inadvertence, surprise, or excusable neglect;

3

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Under Rule 54(b), "the goal is to reach the correct judgment under law." *In re Marriott Int'l, Inc.*, 2021 WL 1516028, at *3 (quoting *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 618-19 (D. Md. 2013)). However, "a motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the Court." *Id.* (quoting *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014)). That is, it is "not a license to reargue the merits." *Id.* (quoting *Carrero*, 310 F. Supp. 3d at 583-84). As such, a litigant's "mere disagreement" with a ruling is not enough to justify reconsideration. *Lynn*, 953 F. Supp. 2d at 620.

Plaintiff's Motion to Reconsider rests on the third criteria under Rule 59(e): to correct a clear error or to prevent manifest injustice. *See generally* Pl.'s Mot. Recon., at 3-14. Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009). Put more colorfully, "[w]here a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week old, unrefrigerated dead fish." *Siple v. First Franklin Fin.*

4

*Corp.*, No. RDB-14-2841, 2015 WL 6163791, at *2 (D. Md. Oct. 19, 2015) (quoting *TFWS*, 572 F.3d at 194)).

## III. ANALYSIS

Plaintiff faces a "high bar . . . to succeed on a Motion for Reconsideration." *Worsham v. Discount Power*, No. RDB-20-0008, 2021 WL 5742382, at *2 (D. Md. Dec. 1, 2021) (citation omitted). Schrof raises two arguments in her Motion to Reconsider: (1) "the Court committed error in holding that the 2020 disparate pay raise issue was not properly before it"; and (2) "the Court erred when it credited the affidavit of Matthew Tulio over Ms. Schrof's declaration on the issue of generator direct commissions." Pl.'s Mot. Recon., at 3-14; Pl.'s Reply, at 2-12. For the reasons stated below, the Court denies Plaintiff's Motion. She fails to establish that reconsideration is necessary here to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411. Nothing in the Motion demonstrates that the previous decision was "dead wrong." *TFWS, Inc.*, 572 F.3d at 194.

### A. Plaintiff has not established a clear error in the Court's conclusion that Plaintiff's theory on failure to receive a pay raise in 2021 is not properly before the Court.

In granting summary judgment on the wage and sex discrimination claims, the Court found that Plaintiff's failure to receive a pay raise in 2021 was not properly before the Court. Plaintiff argues that the Court's finding "was a clear error of law resulting in manifest injustice: judgment in favor of Defendant on two counts in Plaintiff's Amended Complaint." Pl.'s Mot. Recon., at 3. Plaintiff relies on the following statement in her Amended Complaint as support for her assertion that she properly pled the pay raise issue: "Based on her gender, Plaintiff Schrof was paid less than similarly situated males." *Id.* (citing ECF 29, at ¶ 71). Plaintiff avers that Defendant was not prejudiced by Plaintiff's

5

failure to amend her Amended Complaint as to the pay raise issue for three reasons: (1) Defendant decided not to give Plaintiff the pay raise that her male counterparts received, as such Defendant had knowledge of this issue "since before this lawsuit was filed"; (2) a discovery dispute with the Court dealt with Plaintiff's request to obtain "information concerning Plaintiff and her comparators' budgeted goals, revenues generated for Defendant, salary and performance information and documents from 2018 to 2020," (quoting ECF 66), resulting in Defendant supplementing its Answers to Interrogatories and Plaintiff's counsel questioning Mr. James Hull about outside sales representatives' 2021 salaries at his deposition; and (3) Defendant had opportunity in its reply to address the pay raise issue. *Id*. at 3-5.

> 1. *Because Paragraph 71 of the Amended Complaint does not allege Plaintiff's failure to receive a pay raise from 2020 to 2021, Plaintiff fails to establish clear error or manifest injustice.*

First, Plaintiff maintains that paragraph 71 of the Amended Complaint raises the failure to receive a pay raise theory, thereby rescuing this disparate treatment theory in her sex discrimination and wage discrimination claims. The Court disagrees. Paragraph 71 of Plaintiff's Amended Complaint states: "Based on her gender, Plaintiff Schrof was paid less than similarly situated males." ECF 29, at ¶ 71. Notably, however, this statement falls only under Plaintiff's allegations for Count II, wage discrimination, and does not appear anywhere in Plaintiff's allegations for Count I, sex discrimination. *See generally* ECF 29.

As the Court explained in the Memorandum Opinion, none of the allegations in Plaintiff's Amended Complaint, let alone the allegation in paragraph 71, advance a disparate treatment theory based on Clean Earth's alleged failure to provide a pay raise to Plaintiff from 2020 to 2021. ECF 116, at 21. The words "paid less" do not provide fair

notice to Defendant of a salary-based claim as to Plaintiff's failure to receive a pay raise in 2021, especially considering the Amended Complaint's sole focus on commissions.

Plaintiff's Amended Complaint repeatedly raises the issue of commission discrepancies, without a single reference to salary issues. *See, e.g.*, ECF 29, at ¶ 9 ("Plaintiff Schrof and her male outside salespersons were all subject to the same *commission* plan."); *id.*, at ¶ 16 ("In June 2020, Plaintiff Schrof realized that there were significant and improper discrepancies in connection with her *commission* payments."); *id.*, at ¶ 17 ("Under Defendant Clean Earth's *commission* plan, the company would holdback 20% of the *commissions* and overages . . . ."); *id.*, at ¶ 21 ("Consistent with its *commission* plan, Defendant Clean Earth paid [Mr.] Simms all of the overages and holdbacks . . . ."); *id.*, at ¶ 22 ("Defendant Clean Earth failed to pay Plaintiff Schrof her holdbacks and overages [commissions]."); *id.*, at ¶ 23 ("Plaintiff Schrof emailed her supervisor, [Mr. Hull], to dispute the discrepancies [in commissions]."); *id.*, at ¶ 24 ("Throughout 2020, Plaintiff Schrof continued to question [Mr.] Hull about the recurring and erroneous *commission* discrepancies but he did not respond."); *id.*, at ¶ 39 ("[Mr.] Hull's lack of response was consistent with his repeated and willful failure to address Plaintiff Schrof's *commission* discrepancies."); *id.*, at ¶ 40 ("On no fewer than eleven (11) occasions . . . Plaintiff Schrof questioned [Mr.] Hull about *commission* discrepancies[.]"); *id.*, at ¶ 42 ("Plaintiff Schrof continued to complain about her *commission* discrepancies . . . ."); *id.*, at ¶ 43 (Mr. Hull "still had not reviewed the *commission* issue . . . .") (emphasis added).[1]  As such, Plaintiff has not established clear error in the Court's finding that

---

[1] The emphasis in each of these citations is added.

Plaintiff did not plead the failure to receive a salaried pay raise theory in the Amended Complaint.

Moreover, Plaintiff avers that paragraph 71 "in the Amended Complaint included the allegation that Ms. Schrof was paid less than similarly situated male employees" but that "[i]t was not until the Defendant's supplementation of its Answers to Interrogatories and depositions of Mr. Hull in November 2023, that Ms. Schrof learned that her male counterparts had received 3% raises in 2020, while she had not." Pl.'s Mot. Recon., at 6. Plaintiff cites to cases outside of this Circuit, *i.e.* non-binding, in support of her assertion that "considering that the claim was explicitly raised in plaintiffs' opposition papers, defendants can scarcely claim surprise or prejudice." *Id.* (quoting *Foster Med. Corp. Employees' Pension Plan v. Healthco, Inc.*, 753 F.2d 194, 197 (1st Cir. 1985)); *see id.* at 6-7 (citing *Bargen v. Dep't of Def.*, 623 F. Supp. 290, 293 (D. Nev. 1985); *Gosselink v. Am. Tel. & Tel., Inc.*, No. CIV.A. H-97-3854, 1999 WL 33737341, at *7 (S.D. Tex. Aug. 4, 1999)). The Court finds Plaintiff's authority unpersuasive. The Fourth Circuit has emphasized that "[t]he burden rests primarily upon the plaintiff to amend his complaint, not upon the defendant to anticipate a new claim." *Deasy v. Hill*, 833 F.2d 38, 40-41 (4th Cir. 1987) (denying plaintiff's motion to amend and rejecting "plaintiff's argument, that defendant was not surprised by the new claim because she had been made aware of it through the expert witness statements"). Also, Plaintiff's assertions that she became aware of the 2021 pay raise issue during discovery belies Plaintiff's claims that the failure to receive a pay raise theory is properly pled in her Amended Complaint.

Further, as noted in the Memorandum Opinion, "[a]t the motion to dismiss stage, Judge Gesner did not speak to or otherwise appear to consider any claims related to the pay raise from 2020 to 2021, further supporting that Plaintiff did not assert this allegation

8

anywhere in her Amended Complaint." ECF 116, at 21 n.7 (citing ECF 41). As Defendant similarly posits, "neither Judge Gesner's opinion nor any of the parties' briefings on the motion to dismiss consider salary in any manner." Def.'s Opp'n, at 9 (citing ECFs 30, 38, 39, 41). In fact, in Plaintiff's opposition brief at the motion to dismiss stage, Plaintiff summarized her wage discrimination claim as:

> The Amended Complaint alleges numerous instances of disparate wage treatment between Plaintiff Schrof and her male comparators who were treated more favorable with respect to: (i) the payment of commission overages and holdbacks; (ii) the 2020 performance review process and ratings; (iii) the removal of key sales accounts that resulted in substantial loss of compensation and opportunities; and (iv) the loss of inside sales generated accounts.

ECF 38, at 3 (internal citations omitted). Plaintiff's own description of her allegations mentions commissions but not salary, either expressly or by necessary implication. Accordingly, Plaintiff has not established clear error in the Court's finding that Plaintiff did not plead the failure to receive a pay raise theory in her Amended Complaint. *See Barclay White Skanska, Inc. v. Battelle Mem'l Inst.*, 262 F. App'x 556, 563 (4th Cir. 2008) ("[Plaintiff's] complaint cannot be construed so liberally so as to deprive [defendant] of notice. Additionally, despite the liberal pleading rules outlined by the Supreme Court, plaintiffs may not raise new claims without amending their complaints after discovery has begun.").

> 2. *Plaintiff's cited authority fails to establish clear error or manifest injustice.*

Next, Plaintiff argues that the Court's decision conflicts with binding precedent in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) "regarding the specificity required in a complaint in an employment discrimination case and the role that discovery and summary judgment have in providing notice of a plaintiff's claims." Pl.'s Mot. Recon., at

9

5 (referring to Fed. R. Civ. P. 8(a)(2)).  Plaintiff's reliance on *Swierkiewicz* and Federal Rule of Civil Procedure 8(a)(2) misses the mark.  The Fourth Circuit has held that a plaintiff is "unable to raise new claims after discovery has commenced without further amending its complaint." *Barclay White Skanska, Inc.*, 262 F. App'x at 563.  Specifically, the Fourth Circuit noted that the Eleventh Circuit in *Gilmour* held that:

> Efficiency and judicial economy require that the liberal pleading standards under *Swierkiewicz* and Rule 8(a) are inapplicable after discovery has commenced. At the summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.

*Id.* (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)) (observing that the Sixth Circuit and Fifth Circuit have "taken similar positions").

Further, Plaintiff attempts to distinguish this case from the Fourth Circuit cases and other cases in this District cited by the Court in finding that Plaintiff cannot raise a new claim or theory through argument on summary judgment.  Pl.'s Mot. Recon., at 7-9; *see* ECF 116, at 21-22.  However, Plaintiff's contentions amount to a "mere disagreement" with the Court's ruling.  This is not the proper use of a reconsideration motion.

As Defendant correctly asserts, "Plaintiffs cannot proffer untimely issues absent from their initial pleadings to avoid summary judgment or to pursue an appeal."  Def.'s Opp'n, at 17 (quoting *Walton v. Harker*, 33 F.4th 165, 175 (4th Cir. 2022)); *see Walton*, 33 F.4th at 176 (finding that plaintiff's "Amended Complaint fails, on its face, to plead the necessary and basic elements of a failure-to-promote claim" as plaintiff's "Amended Complaint mentions promotion in the most conclusory fashion possible, asserting only [plaintiff's] vague speculation that 'the possibility of promotion from the lower level contracts position is all but erased'"); *see id.* ("If [plaintiff] wished to bring claims based

10

on her exclusion from the CPI Team and the Navy's failure to promote her, she had to include them in her Amended Complaint. She cannot pursue claims that she failed to plead and only raised for the first time in response to a motion for summary judgment." (citing *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). Again, "a party cannot raise a new claim through argument on summary judgment." *Allegis Grp., Inc. v. Bero*, 689 F. Supp. 3d 81, 142 (D. Md. 2023) (citing *Bassi & Bellotti S.p.A. v. Transcontinental Granite, Inc.*, DKC-08-1309, 2011 WL 856366, at *10 (D. Md. Mar. 9, 2011)). "Claims that are entirely omitted from the pleadings or mentioned only as speculative, bald accusations, without any supporting factual allegations, will not suffice." *Walton*, 33 F.4th at 175 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)) (holding that allegations of discriminatory conduct that are conclusory "are not entitled to the assumption of truth"); *see id.* (quoting *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010) ("[A]lthough Coleman's complaint conclusorily alleges that Coleman was terminated based on his race, it does not assert facts establishing the plausibility of that allegation.")).

As noted above, the Fourth Circuit in *Barclay White Skanska* held that a plaintiff is "unable to raise new claims after discovery has commenced without further amending its complaint."[2] 262 F. App'x at 563-64 ("Because [plaintiff's] Amended Complaint did not put [defendant] on sufficient notice that, in addition to the three change orders enumerated in the complaint, the disputed change orders were also at issue, we hold that it failed to plead this issue adequately and affirm the district court's grant of summary judgment on this issue."); *see id.* at 563 n.16 ("Additionally, district courts in this circuit have adopted *Gilmour*.") (citing *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455

---

[2] Plaintiff's counsel confirms that she is not seeking leave to amend her complaint. Pl.'s Reply, at 6.

11

F. Supp. 2d 399, 436 (D. Md. 2006); and then citing *Miller v. Jack*, No. 1:06CV64, 2007 WL 2050409 at *4 (N.D.W. Va. July 12, 2007) (citations omitted) ("Significantly, a plaintiff may not amend his complaint through arguments in his brief in opposition to summary judgment.")). As such, Plaintiff has not established clear error in the Court's finding.

Accordingly, Plaintiff fails to meet the "high bar" to succeed in her Motion to Reconsider. *Worsham*, 2021 WL 5742382, at *3. She has not established that reconsideration is necessary to "correct a clear error or to prevent manifest injustice" in the Court's holding that the disparate pay raise issue was not properly before it. *Robinson*, 599 F.3d at 411.

### B. Plaintiff has not established that the Court committed a clear error of law in its consideration of the new generator direct commissions.

Plaintiff argues that the Court committed a clear error of law "by crediting Matthew Tulio's ('Mr. Tulio') affidavit over Ms. Schrof's declaration to conclude that there was no genuine issue of material fact warranting judgment in favor of Defendant as to Counts I and II of Ms. Schrof's Amended Complaint[,]" resulting in manifest injustice.[3] Pl.'s Mot. Recon., at 9.

Relevant to the wage discrimination claim in Count II, "[u]nder the MEPA, an employer may not discriminate between employees . . . by paying a wage to employees at a rate less than the rate paid to other employees if the employees work in the same establishment and perform work of comparable character or work on the same operation, in the same business, or of the same type and the pay difference is based on . . . sex.'" ECF

---

[3] Plaintiff, however, does not identify any alleged errors that the Court made with respect to Count I as it relates to Mr. Tulio's affidavit. *See generally* Pl.'s Mot. Recon.

116, at 27 (quoting Md. Code Ann., Lab. & Empl. § 3-304 (b)(1)(i)). "To establish a prima facie case of wage discrimination based on sex, a plaintiff must prove: '(1) the [employer] paid higher wages to an employee of the opposite sex who (2) performed equal work on jobs requiring equal skill, effort, and responsibility (3) under similar working conditions.'" *Id.* at 27-28 (quoting *Spencer v. Virginia State Univ.*, 919 F.3d 199, 203 (4th Cir. 2019) (citing *EEOC v. Md. Ins. Admin.*, 879 F.3d 114, 120) (4th Cir. 2018)).

Plaintiff misunderstands the Court's holding. As found in the Court's Memorandum Opinion, "Plaintiff has failed to present evidence creating genuine dispute of material fact *that Clean Earth paid her male colleagues any differently or more favorably with respect to new generator direct commissions*." ECF 116, at 29 (emphasis added). The Court noted that "[i]n a case where the parties explored hundreds of pages of records related to these claims, Plaintiff has not identified any evidence *that Clean Earth paid higher new generator direct commissions to any male OSR without any of the issues that Plaintiff claims to have endured*." *Id.* (emphasis added). As such, the Court granted summary judgment in favor of Defendant as to Count II because Plaintiff "failed to adduce evidence creating a genuine dispute of material fact to establish a prima facie case of wage discrimination." *Id.*, at 30.

Even though Plaintiff disputes that Clean Earth paid her all the new generator direct commissions to which she is entitled, Plaintiff did not assert a claim for unpaid wages. *See id.*, at 29. Contrary to Plaintiff's assertions otherwise, the Court considered the entirety of Plaintiff's affidavit and Plaintiff's exhibits before finding that Plaintiff's assertions are "an instance of a self-serving opinion lacking corroboration or sufficient basis in objective fact." *See id.*, at 30. Specifically, within the Court's analysis of Plaintiff's wage discrimination claim, the Court cited to Plaintiff's affidavit and her assertions

regarding new generator direct commissions contained therein. *Id.*, at 30 (citing ECF 113, Affidavit of Jennifer Schrof ("Schrof Aff."), at ¶¶ 11-15). These paragraphs in Plaintiff's affidavit—cited to by the Court—specifically reference Plaintiff's exhibits 14, 15, 18, 19, 20, and 21. *See* Schrof Aff., at ¶¶ 11-15 (citing Pl.'s Exs. 14, 15, 18, 19, 20, 21). As noted in the Memorandum Opinion, the Court did not weigh credibility, but, instead, found that Plaintiff failed to identify evidence showing that Clean Earth paid comparable male colleagues any differently or more favorably as to the new generator direct commissions. Accordingly, Plaintiff had not adduced a genuine dispute of material fact to establish a prima facie case of wage discrimination. *See* ECF 116, at 29-30.

Here, Plaintiff cites to the same documents that the Court already considered in its Memorandum Opinion. The Court rejects Plaintiff's argument as an attempt to relitigate the merits raised during summary judgment. *See In re Marriott Int'l, Inc.*, 2021 WL 1516028, at *3; *Ngatia v. Dep't Pub. Safety & Corr. Servs.*, No. WDQ-14-0899, 2015 WL 7012672, at *2 n.7 (D. Md. Nov. 12, 2015) ("When the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized." (quoting *Pritchard v. Wal-Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001))). Plaintiff fails to meet the "high bar" to succeed in her Motion to Reconsider, *Worsham*, 2021 WL 5742382, at *2, as she has not established that reconsideration is necessary to "correct a clear error or to prevent manifest injustice" in the Court's consideration of the new generator direct commissions. *Robinson*, 599 F.3d at 411.

## IV. CONCLUSION

Plaintiff does not uncover the stench of error required for reconsideration. *Siple*, 2015 WL 6163791, at *2 (quoting *TFWS*, 572 F.3d at 194)).  For the reasons stated herein, Plaintiff's Motion to Reconsider (ECF 121) is DENIED.


Date: November 3, 2025                                          /s/
                                                                                    Charles D. Austin
                                                                                    United States Magistrate Judge