IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JENNIFER SCHROF, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. 1:22-1533-CDA |
| CLEAN EARTH, INC., | * | |
| Defendant. | * | |
| | * | |

\* \* \*

## MEMORANDUM OPINION

BEFORE THE COURT are two defense motions concerning the potential trial testimony of Dr. David McClure, a physician identified on the Plaintiff's witness list: a Motion to Strike and Exclude the witness altogether (ECF 149) and a Motion in Limine seeking to limit the scope of any testimony to that of a fact witness (ECF 141). For the reasons stated below, the Court GRANTS Defendant's Motion in Limine No. 12 as to the witness testimony and DENIES the Motion to Strike.[1] In many cases, courts address the prejudice from an improper treating physician disclosure by limiting the testimony to only those matters arising in the course of treatment. As explained herein, due to the circumstances of this non-disclosure until just before trial, the Court finds that strict limitations are appropriate. Therefore, Dr. McClure, should he testify, will be limited to only factual testimony; he may not delve into expert testimony in the manner that "hybrid" witnesses such as treating physicians often cover.

---

[1] This opinion and the implementing order do not preclude Plaintiff from discussing or offering into evidence a note provided by Dr. McClure.

1

I.      **BACKGROUND**

A fulsome recitation of the claims, defenses, and legal contentions in this case appears in the Court's memorandum opinion granting in part and denying in part Defendant Clean Earth's motion for summary judgment. ECF 116; *Schrof v. Clean Earth, Inc.*, No. CDA-22-1533, 2025 WL 3089467 (D. Md. Mar. 31, 2025). Relevant to the issues in the pending motions, Plaintiff Jennifer Schrof alleges that her former employer, Clean Earth, engaged in unlawful retaliation under Maryland law through a series of actions that culminated, she contends, in a constructive discharge. *See Schrof*, 2025 WL 3089467, at *5-7, 18. In April 2021, shortly before her separation from Clean Earth, Schrof sought medical leave after a visit with her treating physician, Dr. McClure. *See id.* at *7 (summarizing factual background and exhibits). In denying summary judgment on the retaliation claim, the Court found that Schrof presented sufficient evidence (including but not limited to the above) to send the claim to a jury. *Id.* at * 15-19.[2]

The nature of the pending motions renders the litigation's procedural history as important as the disputed facts and legal contentions. Schrof filed this case in June 2022 and amended the complaint in September 2022. ECFs 1, 29. In June 2023, after resolving a motion to dismiss, the Court issued a scheduling order imposing a fact discovery deadline in October 2023 and deferring expert discovery until after resolution of any summary judgment motion(s). ECF 48 at 2. Relevant here, Plaintiff's Rule 26(a)(2) disclosures were due within 21 days of any summary judgment ruling. *Id.* After two discovery deadline extensions, the parties briefed summary judgment in the summer of 2024. *See* ECFs 63, 86, 97, 106, 108. The Court held oral arguments on February 2025

---

[2] The Court granted summary judgment on the wage and gender discrimination counts.

and issued its ruling less than two months later. ECFs 114, 116. The Court held a status conference on April 8, 2025 regarding the need for a schedule governing the remainder of the litigation and/or trial. Based on that call, the Court issued an order the same day scheduling trial (and not any additional discovery). ECF 118.

According to Clean Earth, the first indication that Dr. McClure would be called to testify arose when the parties prepared the joint pretrial order due in late December 2025. Mem. in Support of Def.'s Mot. to Strike ("Def.'s MTS") at 1, ECF 149-1. Clean Earth recounts a history of written discovery including Plaintiff's four interrogatory responses between September and December 2023. *Id.* The relevant interrogatories sought, among other things, all individuals with knowledge of any facts in the complaint; Plaintiff did not identify Dr. McClure here. Def.'s MTS Ex. 1 at 8-11, ECF 149-3 (Plaintiff's Answers to Defendant Clean Earth, LLC's First Set of Interrogatories). Plaintiff identified Dr. McClure (along with a therapist and an otolaryngologist) in response to the interrogatory seeking information about any medical provider from whom she sought treatment during the previous ten years. *Id.* at 13. In connection with this response, she authorized disclosure of medical records associated with the identified providers. *Id.* But Clean Earth insists that until discussing witnesses for the purpose of preparing the joint pretrial order as directed by the Court, it lacked any indication that Dr. McClure would be called to testify at trial, and especially as to any matters involving medical diagnosis, causation, or prognosis. *Id.* at 1, 3.

In response, Schrof does not challenge this timeline. She confirms her disclosure of Dr. McClure as a treating provider and her authorization to release her medical records. Pl's Opp'n to Def.'s Mot. in Limine at 27-28, ECF 147 ("Pl.'s MIL Opp'n"). Instead, she emphasizes that, in essence, because Dr. McClure and his medical records were known to

3

Clean Earth, regardless of in which interrogatory his name appeared, there is no surprise about his relevance and potential to testify. *Id.* Thus, Schrof maintains, Clean Earth could have deposed Dr. McClure to explore his knowledge and potential testimony yet chose not to. *Id.* at 28.

At the February 2, 2026 pretrial conference, the Court discussed the motions and heard oral arguments from the parties, including Plaintiff's oral response to the Motion to Strike. Following that pretrial conference, the Court took the matters concerning this witness under advisement and held the motions *sub curia*. *See* ECF 158. At the second pretrial conference on February 11, the Court expressed its view that Plaintiff failed to disclose Dr. McClure in the manners required by both the Federal Rules of Civil Procedure and Local Rules of the Court. The Court stopped short of a firm ruling at that time, indicated that it continued to consider whether and how the prejudice of the disclosure violations could be cured, and directed plaintiff's counsel to provide the summary required by Federal Rule of Civil Procedure 26(a)(2)(C) and Local Rule 104.10. Plaintiff's counsel submitted a letter the following day, and defense counsel filed objections to the summary (as permitted by the Court during the February 11 conference). ECFs 172, 173.

Plaintiff's Court-ordered supplement expresses the intent to have Dr. McClure "testify as a treating physician related to his telemedicine treatment of Plaintiff Schrof on April 16, 2021" and the letter he provided to Schrof, who provided the same to Clean Earth as noted above. ECF 172 at 1. Counsel anticipates the witness would "rely upon [facts] contained in his Progress Notes on that date," and quotes the progress note—a document that was filed with both this eve-of-trial submission and its summary judgment briefing. *Id.* at 1-2; *see also* ECF 106-25 (Exhibit 24 to Plaintiff's Opposition to the Motion for Summary Judgment). Defense counsel's response covers much of the same ground as its

4

pending motions, albeit with a finer point on the issues: (1) plaintiff's one-page letter quoting from the medical documents falls short of the substance required by the Federal and Local rules, (2) notwithstanding the first point, the summary suggests the witness would merely read from the documents and thus be an improper use of live testimony, and (3) plaintiff's summary does not cure the prejudice associated with Clean Earth's inability to explore the plaintiff's medical history known to Dr. McClure, whose records for the plaintiff span 2015 through 2023, and any inferences a jury may draw from testimony that alleges work-related stress based on a single visit in the middle of that eight-year span. ECF 173.

## II. ANALYSIS

For the reasons stated below, the Court will grant the motion in limine to limit Dr. McClure to being a fact witness. The Court recognizes that in most circumstances, a treating physician, as a "hybrid" witness, enjoys broader latitude than a fact witness and may explore matters based on some scientific or specialized knowledge applied during the course of treatment. However, to allow that in this case would permit a clear and significant disclosure violation without any sanction or opportunity to cure ahead of trial. The Court is not comfortable with such an implication, and, as explored below, the defendant experiences prejudice that cannot be fully cured at trial. However, the Court finds complete exclusion unnecessary to address the problems created by the failure to disclose a treating physician.

### a. *Plaintiff failed to disclose Dr. McClure as required by the Federal and Local Rules.*

Federal Rule of Civil Procedure 26(a)(2) requires certain disclosures for expert witnesses, two of which are most pertinent here. First, it requires disclosure of "the

identity of any witness [the party] may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Second, where a witness is not retained or specially employed for the pending litigation, the party relying on the witness must provide a disclosure stating "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). This summary disclosure is a shorter, less onerous task than the extensive written report required of witnesses retained to serve as experts in the litigation. Fed. R. Civ. P. 26(a)(2)(B). Under the Federal Rules, absent a court order otherwise, the required expert disclosures must occur at least ninety days before the trial date in general or, in the case of a rebuttal expert, within thirty days after the disclosure to which the expert would respond. Fed. R. Civ. P. 26(a)(2)(D).

"Courts have held that a treating physician's testimony about a patient's diagnosis, prognosis, and future medical care is based upon 'scientific, technical, or other specialized knowledge,' thus requiring expert designation under Fed. R. Civ. P. 26(a)(2)(A)." *Roop v. Desousa*, 660 F. Supp. 3d 477, 499-500 (E.D. Va. 2023) (citation omitted); *see also Stogsdill v. S.C. Dep't of Health & Hum. Servs.*, No. 3:12-0007-JFA, 2017 WL 3142497, at *15 (D.S.C. July 25, 2017) (finding "that a treating physician's testimony about a patient's diagnosis, prognosis, and future medical care is opinion testimony that falls under Rule 26(a)(2)(A)'s expert disclosure requirement"), *aff'd sub nom. Stogsdill v. Azar*, 765 F. App'x 873 (4th Cir. 2019). There appears to be no dispute that Dr. McClure was Schrof's treating physician, not one retained for the purpose of this case. This undisputed circumstance obligated Schrof to identify Dr. McClure as an expert witness and provide the written summary required by Rule 26(a)(2)(C). *See MCI Commc'ns*

*Servs., Inc. v. Am. Infrastructure-MD, Inc.*, No. GLR-11-3767, 2013 WL 4086401, at *7–8 (D. Md. Aug. 12, 2013)) (requiring Rule 26(a)(2)(C) disclosure for treating physicians); *Seamster v. Taylor*, No. 4:21-cv-21, 2022 WL 2165545, at *14 (W.D. Va. June 15, 2022) (same). Even without searching court orders and opinions, the general application of both requirements in this context could not be clearer. In 2010, the Advisory Committee explained that "[f]requent examples" of expert witnesses excluded from 26(a)(2)(B)'s requirement "include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C)." Fed. R. Civ. P. 26 advisory committee's note (2010 Amendment, subdivision (a)(2)(C)). And the Court's Local Rules reiterate these requirements:

> The party must disclose the existence of any hybrid fact/expert witness pursuant to Fed. R. Civ. P. 26(a)(2)(A), and disclose the subject matter on which witness is expected to present evidence under Fed. R. of Evid. 702, 703, or 705, as well as a summary of facts and opinions to which the hybrid fact/expert witness is expected to testify, pursuant to Fed. R. Civ. P. 26(a)(2)(C).").

L.R. 104.10 (D. Md. 2025). Schrof failed in both regards.

Nothing in the record indicates that Schrof ever attempted to identify Dr. McClure as a trial witness who would testify on matters commonly within the scope of Rule 702. She does not argue that she did; more troubling, her briefing on this issue does not even acknowledge this requirement. Her focus on identifying Dr. McClure in an interrogatory inquiring about treating medical providers misses the point. *See Machie v. Manger*, No. AW-09-2196, 2012 WL 2092814, at *4-5 (D. Md. June 7, 2012) (concluding that the plaintiff failed "to timely disclose his experts and provide the information required by Rule 26"; "[A]lthough the Court accepts Plaintiff's claim that his treating physicians are

7

"hybrid witnesses," . . . Plaintiff's bare and non-specific interrogatory responses do not satisfy the Rule's disclosure requirements.").

Given her failure to designate properly instead of relying on an interrogatory response, it comes as little surprise that Schrof also did not provide a timely summary disclosure of the subject matter, facts, and opinions expected in Dr. McClure's testimony. The record lacks any indication she attempted to do so before the Court directed counsel on February 11 to attempt such a summary. Instead, the thrust of her arguments looks to *Sullivan v. Glock*, where Judge Grimm explored the contours of treating physicians and hybrid witnesses and the inapplicability of Rule 26(a)(2)(B)'s extensive written report requirement as a prerequisite to a treating physician's ability to testify about diagnosis, prognosis, and causation based on their course of treatment. *See* 175 F.R.D. 497, 500–01 (D. Md. 1997). *Sullivan* does not aid Schrof at all. The Court does not read Clean Earth's motions as calling for the extensive report required by Rule 26(a)(2)(B). Moreover, nothing in *Sullivan* absolves her of Rule 26(a)(2)(A)'s identification requirement or Rule 26(a)(2)(C)'s summary requirement for experts who—for reasons *Sullivan* articulates—fall outside of Rule 26(a)(2)(B)'s written report requirement.[3]

To the extent Schrof's arguments suggest that the consent disclosure of medical records is a meaningful substitution or alternative to the disclosure requirements, she is incorrect. *See Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 703 (8th

---

[3] Of course, *Sullivan*'s silence on Rule 26(a)(2)(C) cannot be read in Schrof's favor because that provision appeared more than a decade after *Sullivan* articulated the problems that the amendments sought to address. *See* Fed. R. Civ. P. 26 advisory committee's note (2010 Amendment, subdivision (a)(2)(C)) ("This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B).").

8

Cir. 2018). The Court finds *Vanderberg*, while non-binding, persuasive in its resolution of similar arguments where the plaintiff failed to properly disclose a treating physician in accordance with Rule 26(a)(2). In that case, the plaintiff insisted that he identified the treating physician as such (and as a potential fact witness) and that "his production of hundreds of pages of medical records, which included operative notes and a letter by [the treating physician], provided 'ample notice to Petco that [the physician] would express causation opinions." *Id.* The Eighth Circuit explained:

> These arguments, however, cannot change the fact that Vanderberg never disclosed Dr. Petsche or anyone else as a "witness it may use at trial to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(A). Nor did his production of medical records constitute a disclosure stating "the subject matter on which [Dr. Petsche was] expected to present" expert testimony. Fed. R. Civ. P. 26(a)(2)(C)(i). While the records contained facts and opinions, they did not disclose what facts and what opinions would be provided by what witnesses. Nor can the hundreds of pages of medical records reasonably be called a "summary."

*Id.* The Court joins others in this circuit that have reached the same conclusion. *See Seamster*, 2022 WL 2165545, at *17 (excluding improperly disclosed testimony based on the "cogent analysis of *Vanderberg*"); *Marr v. Abercrombie & Fitch Stores, Inc.*, No. 5:14-cv-123-F, 2015 WL 3827326, at *5 (E.D.N.C. June 19, 2015) ("Marr's production of, and reference to, her medical records from Dr. Alioto does not constitute a summary of his opinions." (citation omitted)); *Kristensen ex rel. Kristensen v. Spotnitz*, No. 3:09-cv-84, 2011 WL 5320686, at *2 (W.D. Va. June 3, 2011) ("Plaintiffs cannot comply with [Rule 26(a)(2)(C)] by disclosing the complete records of the treating physicians in issue." (citations omitted)).

Turning to the Court-ordered summary, the Court is concerned that it lacks what Rule 26(a)(2)(C) intends. In about a single page of substance, the document repeats—largely through quotes—what appears in two documents from Dr. McClure's file. *See* ECF

9

172; *see also* ECF 106-25. Of course, Rule 26(a)(2)(C) calls for a disclosure less extensive and exacting than Rule 26(a)(2)(B), so the Court does not assume the summary must be exhaustive. But, while precise contours may be difficult to define, there should be more than general reference to the facts learned and topics to be covered. Two examples from within this circuit reflect this need to consider not only the language but the purpose of the Rule. In attempting to ascertain the appropriate balance struck by Rule 26(a)(2)'s varied requirements, *Marr* adopted the following description:

> "[T]his Court finds that a summary of opinions under Rule 26(a)(2)(C) means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics of the opinions is insufficient. Further, this Court finds that a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts-only those on which the expert actually relied in forming his or her opinions-that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice. Similarly, it does not suffice to reference large bodies of material as sources of facts, without stating a brief account of the main points from those large bodies of material on which the expert relies."

*Marr*, 2015 WL 3827326, at *5 (quoting *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, No. 2:09-cv-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015)). Based on this standard, the *Marr* court found the rule unsatisfied where an interrogatory identified the subject matter of the testimony and a medical record identified only a prognosis but not opinions—including on causation—to be offered by the treating physician. *Id.* Informed by *Marr*'s analysis, among others, the *Seamster* court found insufficient a disclosure that did not specify specific facts and opinions but only "generally state[d] the *topics* of . . . 'diagnoses, signs and symptoms, observations, evaluations, histories, treatment plans, and permanency ratings . . . along with the facts communicated

10

to, or otherwise learned by them in connection with their . . . treatment of [Seamster]." 2022 WL 2165545, at *14 (second and third ellipses in original).

While neither case (or the examples cited therein) fit squarely with the circumstances here, they illuminate at least two potential issues with the February 12, 2026 disclosure. First, if the letter's quotation of the April 2021 note suggesting time off work is its way of summarizing the opinion to be offered at trial, that suggests that the opinion is that Schrof experienced "stress related issues from work" that caused "mental and physical ailments." ECF 172 at 2. But other than a general reference to "stomach issues," which appears in the April 16, 2021 progress note, nothing in this letter or the internal progress note summarizes or otherwise identifies what these mental and physical ailments are. Thus, like in *Marr* and *Seamster*, the most generous reading of the disclosure lacks an informative summary that tells the reader anything about the nature and basis of causation, prognosis, or other medical opinions. Second and relatedly, because the letter mostly quotes the underlying medical records rather than summarize the opinions being offered, its framing leaves uncertain what, if any, causation (or other) opinion is offered and how only the notes from a single visit can support such an opinion. This is especially problematic when Schrof has about eight years of medical history with this provider and, as Clean Earth notes, the records include other visits that discuss stomach-related or other physical ailments. ECF 173 at 2-3. In this way, the "summary" is no more robust or helpful than disclosing these two documents.

The sufficiency of a given Rule 26(a)(2)(C) disclosure will likely turn on the circumstances of each case, including the wording of the disclosure, other information provided in discovery that may be referenced in or otherwise relevant to the facts and opinions summarized, and the objections to the disclosure. *Cf. Beard v. Town of Topsail*

11

*Beach*, No. 7:19-cv-97-FL, 2020 WL 1539924, at *6 (E.D.N.C. Mar. 31, 2020) (denying motion to strike disclosure and order supplement where plaintiff provided "a summary of [the physicians' and therapist's] qualifications, followed by a paragraph outlining the facts and opinions to which each 'is expected to testify'"; "Without benefit of specific discussion by defendants as to what details of the experts' fact and opinions they seek, the court will not direct plaintiff to supplement her Rule 26(a)(2)(C) disclosures."). On the specific facts here—including the timing of the disclosure and inability to explore it through other discovery after Schrof designated Dr. McClure as a potential trial witness—the Court believes that Rule 26(a)(2)(C) calls for more than the high-level summary that appears in Schrof's February 12, 2026 letter. Otherwise, the disclosure of the underlying documents would be enough, contrary to *Vanderberg* and the courts that follow its reasoning.

      b. *The appropriate cure for the disclosure violations is limitation to facts but not causation, rather than exclusion.*

The next issue, then, is the appropriate sanction for an improper disclosure. In many cases, such violations may be cured well in advance of trial, obviating any justification for excluding treating physician or other expert testimony. As explained below, this is not such a case.

Where a party fails to disclose as required by Rule 26(a), Federal Rule 37(c)(1) prohibits a party from using the improperly or otherwise undisclosed evidence or witness at trial unless the disclosure violation is deemed substantially justified or harmless. *See Wilkins v. Montgomery*, 751 F.3d 214, 221 (4th Cir. 2014). This is an "automatic sanction" against the party that fails to disclose evidence it intends to offer. *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 n.2 (4th Cir. 2003). As the Fourth Circuit explains, "[a] party that fails to provide these disclosures unfairly inhibits

its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case." *Wilkins*, 751 F.3d at 221 (citation omitted).

To determine whether a failure to disclose is justified or harmless, courts in the Fourth Circuit consider the five *Southern States* factors. *See, e.g.*, *Braxton v. Eldorado Lounge, Inc.*, No. ELH-15-3661, 2017 WL 4865476, at * 4 (D. Md. Oct. 27, 2017) (citing *S. States*, 318 F.3d at 597). They are "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States*, 318 F.3d at 597. The non-disclosing party bears the burden to show substantial justification or harmlessness. *Wilkins*, 751 F.3d at 222 (citation omitted). The trial court may, but need not, consider all five factors. *Id.*

The Court begins, briefly, with the final factor because it has been addressed at length already and colors the analysis of other factors. The lack of justification weighs strongly against permitting Dr. McClure's testimony and influences the degree of prejudice discussed below. Schrof provides no justifiable reason for the failure to properly disclose Dr. McClure. Mere inadvertence is not a compelling reason for failure to properly disclose treating physicians. *Roop*, 660 F. Supp. 3d at 499; *Springs on behalf of C.S. v. Waffle House, Inc.*, No. 3:18-cv-03516-JMC, 2021 WL 119303, at *3 (D.S.C. Jan. 13, 2021); *Wiseman v. Wal-Mart Stores, Inc.*, No. 1:16-cv-4030-SAG, 2017 WL 4162238, at *5 (D. Md. Sept. 19, 2017). Moreover, the plaintiff has, for the past two weeks, avoided the requirement and "focuse[d] on the curability and harmlessness of" her disclosure violations. *Ihuoma v. Coppin State Univ.*, No. 1:20-03759-JMC, 2022 WL 1017090, at *4

13

(D. Md. Apr. 5, 2022). That, too, fails to solve the problems generated by her litigation decisions. Unjustified disclosure violations—especially those after discovery and close to trial—cause substantial prejudice to an opposing party. *See id.*; *Springs*, 2021 WL 119303, at *3; *Stogsdill*, 2017 WL 3142497, at *15; *Ingram v. ABC Supply Co.*, No. 3:08-1748-JFA, 2010 WL 233859, at *2–3 (D.S.C. Jan. 14, 2010).

The first issue—surprise—is mixed yet still favors Clean Earth. On one hand, there is little surprise about the information in Dr. McClure's records and their potential relevance to Schrof's claims. She attached the medical note to her employer and the doctor's internal progress note to her summary judgment briefing and based arguments on their contents. But, as detailed above, there was surprise that Dr. McClure would be called to testify at trial about any opinions he formed in the course of treating Schrof, including the extent and causation of any "mental and physical ailments" referenced but not articulated in his progress note, his medical note supporting Schrof's time off request, or plaintiff's counsel's February 12, 2026 summary.

The Court finds limited ability to cure this surprise. Often, courts provide an opportunity to cure by extending or re-opening discovery to address a late or otherwise improper expert disclosure. *See, e.g.*, *Wiseman*, 2017 WL 4162238, at *4–5 (noting that an untimely disclosure was rendered harmless by extending discovery to permit the deposition of a treating physician and designation of rebuttal witnesses but excluding other witnesses too late to explore through additional discovery); *Machie*, 2012 WL 2092814, at *5 (finding disclosure harmless, even though not justified, where, among other things, trial was not scheduled and the parties could have additional time to make

proper disclosures and hold depositions of the treating physicians).[4] But this issue came before the Court less than two months before trial and well after the time for making Rule 26(a)(2) disclosures or the close of fact discovery. *Cf. CBX Techs., Inc. v. GCC Techs., LLC*, No. JKB-10-2112, 2012 WL 3038639, at *4 (D. Md. July 24, 2012) ("A court's scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" (quoting *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999))). Schrof's arguments suggest a desire to have Dr. McClure testify about alleged work-related stress causing "mental and physical ailments." ECF 172 at 2. It is unclear what such ailments are—perhaps they include certain conditions identified in the pretrial order but not in the February 12, 2026 disclosure letter. To the extent these "mental and physical ailments" include or are related to any conditions or conversations explored during other visits, Clean Earth has lost the ability to fully explore, within the mechanisms of discovery, such connections and their impact on any opinions Dr. McClure may offer. Indeed, that is the point of depositions and why decisions such as *Wiseman* and *Machie* addressed improper disclosures through extended discovery. While, at first blush, Schrof's intent to limit the testimony to a single day may seem helpful in narrowing the scope and potential prejudice, it falls far short of doing so given the nature of Dr. McClure's connection with Schrof's full medical history before and after the time central to the retaliation claim and any assertions or arguments she may make about the extent of her alleged damages. Nonetheless, many of the questions or inquiries posed by Clean Earth's February 12, 2026 position statement

---

[4] Schrof has never sought a continuance of trial to facilitate depositions or other measures that might cure the prejudice attendant to the improper disclosure.

appear to be factual issues that could be explored on cross-examination. Thus, Clean Earth retains the ability to cure as to facts but not necessarily as to prognosis or causation.

For reasons already noted in this section, the Court finds that trial would be disrupted by testimony about prognosis and causation about which Clean Earth lacked knowledge before the parties' arguments on this issue. *Cf. Machie*, 2012 WL 2092814, at *5 (refusing to exclude under *Southern States* because, among other things, "[t]his situation is not one in which a party is seeking to admit new expert opinions on the eve of trial"). The potential for prejudice and disruption should be evident from parties' briefing and supplements within the six weeks before trial as well as the Court's need to address this in two pretrial conferences and order additional supplements. Like Judge Coulson, the Court concludes that "Plaintiff's piecemeal releases of information regarding her proposed expert have . . . unfairly burdened this Court and the [Defendant's] counsel with the time and expense of ensuring her compliance with her discovery and disclosure obligations." *Ihuoma*, 2022 WL 1017090, at *4 (granting in part motion to strike and limiting the treating physician's testimony).[5] If Schrof were to elicit causation or prognosis testimony within the scope of Rule 702, *e.g.*, *Roop*, 660 F. Supp. 3d at 499-500, Clean Earth would be entitled to explore the basis for such expert testimony. The Court is not inclined to use trial to do what a deposition could have accomplished after proper notice.

---

[5] But even in *Ihuoma*, the court permitted the deposition of the treating physician. 2022 WL 1017090, at *4. Based on a review of that docket, the parties raised the issue before the defendant moved for summary judgment and no trial date was set. Thus, they retained some ability to cure the surprise long before trial. Judge Coulson's observation is even more powerful here, where the schedule lacks such a cushion.

In considering these issues of justification, surprise, and ability to cure, the Court rejects Schrof's contention that because she identified Dr. McClure in an interrogatory about medical treatment, Clean Earth could have deposed him but chose not to. *See* Pl.'s MIL Opp'n at 28 (citing *Hall v. Sykes*, 164 F.R.D. 46, 48 (E.D. Va. 1995)). The Court again finds *Vanderberg*'s analysis persuasive:

> We also reject any suggestion that Vanderberg's failure to adhere to Rule 26(a)(2) was harmless because Petco should have figured out that he would rely on his treating physicians to provide expert testimony on causation. The expert witness disclosure requirements would be rendered meaningless if a party could ignore them and then claim that the nondisclosure was harmless because the other party should have read between the lines. Moreover, parties such as Petco are entitled to presume that opposing parties will comply with the Rules of Civil Procedure and that experts will be properly disclosed in accordance with the rules. "Litigants should not have to guess who will offer expert testimony; they need knowledge to conduct their own discovery and proffer responsive experts. That's why failure to comply with Rule 26(a)(2)(A) leads to the exclusion of expert testimony by a witness not identified as an expert."

906 F.3d at 704 (quoting *Cripe v. Henkel Corp.*, 858 F.3d 1110, 1112 (7th Cir. 2017)); *see also Ingram*, 2010 WL 233859, at *2 ("Had plaintiff timely disclosed [the treating physicians'] identity, defendants would have certainly deposed them. Ultimately, however, defendants had no reason to believe that these witnesses would be called as experts."). Schrof's invocation of *Hall* does not move the needle. The cited page in *Hall*, which pre-dates Rule 26(a)(2)(C), discusses the now-unremarkable proposition that a treating physician falls outside of Rule 26(a)(2)(B) and a party may explore the physician's opinions through interrogatories or depositions even without a Rule 26(a)(2)(B) report. *See* 164 F.R.D. at 48. The Court does not read *Hall* as justification to run counter to the reasoning in *Vanderberg* and *Ingram*, which the Court reads as consistent with the Federal Rules' purpose: "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The Court will not fault

17

Clean Earth for choosing not to depose an individual who the Federal and Local Rules required Schrof to identify.[6]

Turning to the fourth *Southern States* factor, the importance of the evidence is also a mixed bag yet slightly favorable to Schrof. In general, testimony on the extent and reasonableness of injuries is important to establishing their severity and, as a result, causation or damages. *See, e.g.*, *Springs*, 2021 WL 119303, at *3. But because she does not propose an expert to testify to "unusually severe" emotional distress, Schrof's damages theory may not require expert testimony. *See Ricks v. Abbott Labs.*, 198 F.R.D. 647, 649 (D. Md. 2001) (highlighting the difference between garden variety emotional distresses (such as anxiety, anger, or grief), for which a factfinder does not require expert testimony, and "unusually severe" or clinical distress diagnosed and treated by a medical professional); Joint Pre-trial Order at ¶ 80 (noting Plaintiff's intent to prove Clean Earth's actions caused "emotional distress, anxiety, and physiological symptoms that required medical treatment and medication").[7] Nonetheless, at least some facts related to her visit to and treatment from Dr. McClure appear important to, if nothing else, her arguments about the cumulative effects of Clean Earth's actions and the alleged constructive discharge. Therefore, the Court finds this factor favors limiting, rather than excluding,

---

[6] The Court is mindful that the scheduling order set the Rule 26(a)(2) disclosures after resolution of summary judgment and, as a result, after general fact discovery. But that did not preclude Schrof from disclosing Dr. McClure as a testifying witness earlier or otherwise within the time required by the Federal Rules. Further, during the April 8, 2025 scheduling call, plaintiff's counsel did not indicate the need for any expert disclosures or discovery before setting a trial date.

[7] Of course, if the opposite is true and she intends to present to the jury "unusually severe" distress often explored through expert testimony and independent medical examinations, *see Ricks*, 198 F.R.D. at 649, that makes the improper disclosure even more egregious.

Dr. McClure's testimony.  *See Ihuoma*, 2022 WL 1017090, at *4 (permitting limited testimony from a treating physician, despite there being "no excuse" for the disclosure violation, because the testimony may be necessary to introduce treatment records).

Having considered the *Southern States* factors and the implications for trial, the Court concludes that substantial limitation, not exclusion, is the appropriate sanction.  If called, Dr. McClure may testify as a fact witness about his individual factual treatment of the plaintiff but may not offer any expert testimony.  *See Ingram*, 2010 WL 233859, at *3; *Seamster*, 2022 WL 2165545, at *17-18 (excluding testimony on causation but denying motion to strike as fact witness).  The Court is mindful that these limitations

> may seem harsh. But the burdens on parties who are not adequately appraised of an opposing party's experts' identity and expected testimony are also real and costly. In any event, the balance between adequately incentivizing compliance with parties' disclosure obligations and not unfairly punishing "insignificant, technical violations" has already been struck by the drafters of Rule 37(a)(1).

*Vanderberg*, 906 F.3d at 706.  Given the nature of the disclosure violations and their potential impact on trial, the Court finds it appropriate to preclude even the usual prognosis and causation testimony that treating physicians often offer.  Dr. McClure may authenticate and discuss the facts of his encounter with Schrof reflected in his treatment notes and that led to his drafting the letter that she sent to her employer.  Dr. McClure may not provide any expert opinions related to causation, prognosis, or future medical needs.  Clean Earth may, if it chooses, explore other *facts* that it believes may be relevant to credibility or the ultimate issues in the case.[8]

---

[8] While it is unnecessary to address the Motion to Strike's merits because the motion in limine is granted as to Dr. McClure's testimony, the Court notes that Clean Earth's arguments for exclusion as a fact witness are unpersuasive.  He was disclosed timely using the fact witness deadline, *see* Fed. R. Civ. P. 26(a)(3), and, even if he was not,

19

### III.  CONCLUSION

For the reasons stated above, Clean Earth's Motion in Limine No. 12 to limit the scope of testimony (ECF 141) is GRANTED with respect to Dr. McClure's testimony and Clean Earth's Motion to Strike and Exclude (ECF 149) is DENIED as moot.

Date: February 19, 2026

                              /s/
                    Charles D. Austin
                    United States Magistrate Judge

---

the *Southern States* harmlessness analysis would be more forgiving regarding his factual knowledge reflected in his medical records produced during discovery.